UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHENICIA WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUPERIOR AIR GROUND AMBULANCE ) <br> SERVICES, INC, ) <br> ) <br> Defendant. ) | Case: 1:23-cv-05429 <br><br> Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Ricky Phenicia Williams ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Superior Air Ground Ambulance Services, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Notification of the Right to Sue was received from EEOC on or about July 21, 2023 (Attached hereto as Exhibit "B").

7. This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for DuPage County, whose address is 395 W. Lake Street, Elmhurst, Illinois 60126.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as an EMS Driver from October 5, 2022 through March 3, 2023.

13. Since at least October 2022 through the end of his employment, Defendant subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

14. Plaintiff is a transgender male and is a member of a protected class because of his sex, transgender male, whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. Plaintiff was unlawfully terminated because of his sex/sexual orientation on March 3, 2023

16. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

17. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

18. Immediately after hire, Supervisor Dakota told Plaintiff that he would "never call you he", "would never call a dyke he", and would tell Plaintiff's coworkers that Plaintiff was not a real man.

19. Supervisor Dakota continued to make these comments on a daily basis, throughout the duration of Plaintiff's employment.

20. Plaintiff reported Supervisor Dakota to Supervisors Monique and Dominique on several occasions.

21. Unfortunately, no action was taken and the conduct continued.

22. On March 3, 2023, Plaintiff again reported the unlawful harassment by Supervisor Dakota.

23. Plaintiff was terminated the following day without cause.

## COUNT I
### Sex-Based Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

24. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

25. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sex, transgender male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

26. Defendant knew or should have known of the harassment.

27. The sexual harassment was severe or pervasive.

28. The sexual harassment was offensive subjectively and objectively.

29. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

30. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Retaliation in Violation of 42 U.S.C. § 2000e, et seq.

31. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

32. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

33. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

34. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

35. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

36. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

37. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

38. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

  e.  Pre-judgment and post-judgment interest;

  f.  Injunctive relief;

  g.  Liquidated damages;

  h.  Punitive damages;

  i.  Reasonable attorney's fees and costs; and

  j.  For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of August, 2023.

            /s/ *Alexander J. Taylor*
            **Alexander J. Taylor, Esq.**
            SULAIMAN LAW GROUP LTD.
            2500 S. Highland Avenue, Suite 200
            Lombard, Illinois 60148
            Phone (331) 272-1942
            Fax (630) 575 - 8188
            E-mail: ataylor@sulaimanlaw.com
            *Attorney for Plaintiff*